FILED'08 AUG 26 17:30USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT W. DOWNING,                )
                                  )
           Plaintiff,             )    Civil Case No. 07-6264-KI
                                  )
    vs.                           )    OPINION AND ORDER
                                  )
COMMISSIONER of Social Security,  )
                                  )
           Defendant.             )
_____ )

    Richard F. McGinty
    McGinty & Belcher, PC
    P.O. Box 12806
    Salem, OR 97309

        Attorneys for Plaintiff

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Britannia I. Hobbs
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Leisa Wolf
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Robert Downing brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and

416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ explained that Downing filed the current claims (SSI and DIB) on November 4 and 18, 2004 and then filed subsequent claims on July 19, 2005. On August 7, 2006, when reviewing a prior ALJ's decision on the current claims, the Appeals Council affirmed the state agency's finding on Downing's subsequent claims that he became disabled on November 1, 2005. The Appeals Council also remanded the current claims to determine if Downing was disabled from March 1, 2004 through November 1, 2005.

During this limited period, the ALJ found that Downing had severe impairments of mild degenerative joint disease of the left hip, adjustment disorder with mixed emotional features, and mild mental retardation. However, the ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. After reviewing the medical record, the ALJ found that Downing had the residual functional capacity to perform medium exertion work and was limited to simple, routine, repetitive work. Based on vocational expert testimony at the earlier hearing, the ALJ found that Downing could return to his work as an auto detailer during the period under consideration and was not disabled, as defined by the Act.

## FACTS

Robert Downing, who was 61 years old in November 2005, the end of the period under consideration, alleges that he has been disabled since March 1, 2004 due to degenerative joint disease of the left hip, mental retardation, and depression. Downing has a high school diploma but took special education classes and cannot read or write. He has a long and stable work history as an auto detailer.

Downing lives with his wife. He does all the driving for the family. Downing bowls once a week, attends church once or twice a month, watches television all day, mows the grass, talks to neighbors daily, shops with his wife three times a week, and helps with laundry and cleaning the house. Downing's niece reported that during 2004, he became much more withdrawn. The niece reports that Downing worked all his life but was very slow and required a lot of direction. She believes that he was fired from his long-term job at the car dealership

because of outbursts of anger and from the subsequent job because he was too slow. Another friend for 30 years, Barbara Travis, states on December 1, 2004 that Downing had been getting very impatient with people and did not seem to be as tolerant of them.

## DISCUSSION

I.  Admission of Exhibits

Downing notes that at the second hearing on April 11, 2007, the ALJ did not admit any evidence. In particular, Downing argues that exhibit 7F, an orthopedic evaluation by Dr. Roxanne Donovan, and 8F, a second psychological evaluation by Dr. Leslie Pitchford, were never admitted into evidence because these exhibits were not available at the first hearing in 2005. Downing thus alternatively argues that the ALJ's decision is not supported by the evidence or is based on evidence that is outside the record.

The Commissioner notes that in the written opinion, the ALJ stated that he considered all the evidence.

Although the ALJ erred by not being clear as to what exhibits were in the record, the important issue is whether the ALJ considered all of the available medical evidence. He clearly did because the ALJ's opinion discusses exhibits 7F and 8F at length. Although an error was made, it is harmless. I see no point in remanding this case for a new hearing so that an ALJ can formally admit exhibits which have already been considered.

II.  Listing 12.05C

The Appeals Council concluded that Downing met Listing 12.05C as of November 1, 2005. Downing argues that he met the listing as of his alleged onset date of March 1, 2004. He relies on the December 9, 2004 opinion of Dr. Pitchford concerning the limitations associated

Page 6 - OPINION AND ORDER

with Dr. Pitchford's diagnosis of adjustment disorder with mixed emotional features. Downing contends that the ALJ improperly rejected Dr. Pitchford's Global Assessment of Functioning ("GAF") of 50.

The Commissioner argues that the ALJ properly rejected Dr. Pitchford's opinion.

There are four ways for a claimant to meet Listing 12.05, including 12.05C: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

There is no dispute that Dr. Pitchford tested Downing's IQ in both 2004 and 2005 at levels that meet Listing 12.05C. The Commissioner contends, however, that Downing does not meet the second prong of the listing. Downing relies on Dr. Pitchford's December 2004 GAF of 50,[1] along with the statement that Downing "has made an excellent adaptation given his basic skill levels, but at this age, and intellectual limitations, he seems unlikely to be working again, competitively." Tr. 137. At the December 2005 examination, Dr. Pitchford dropped Downing's GAF to 40.[2]

The ALJ gave no weight to Dr. Pitchford's GAF scores because they were not supported by objective findings and other evidence of record, including Downing's extensive activities of

---

[1] "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals; frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (Fourth Edition, Text Revision 2000).

[2] "Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." Id.

Page 7 - OPINION AND ORDER

daily living, normal socialization, and adequate ability to sustain concentration and stay on task.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. The opinion of a nonexamining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. Id. at 831. Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by and are consistent with other evidence in the record. Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999).

In the year between the two exams, which also encompasses much of the period under consideration, Dr. Pitchford noted that Downing changed from denying symptoms of depression to only reluctantly admitting that he was stressed and sad about his financial situation. Also during that year, Downing changed from slowly subtracting serial three's from 20, with some errors, to not being able to perform the task at all. This increase in symptoms did not all take place on November 1, 2005.

Moreover, there is evidence from Downing's niece that even when he was working,

Downing had difficulty staying on task. Both the niece and lay witness Travis stated that Downing was having increasing difficulty in getting along with people and controlling outbursts. The niece believes that this resulted in Downing's termination. The ALJ erred by failing to address this evidence at all. Lay testimony about a claimant's symptoms is competent evidence which the ALJ must take into account unless he gives reasons for the rejection that are germane to each witness. Stout v. Commissioner of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006).

It is true that Downing does not stay at home all day every day. But his social life is fairly limited and does not appear to have changed in years. He has lived with his wife in the same trailer for 33 years, shops with her a few times a week, attends church twice a month, bowls once a week, and visits some with friends and family. There is no evidence that Downing does anything else.

I conclude that the ALJ has not provided clear and convincing reasons to discount Dr. Pitchford's opinion and GAF scores for Downing. GAF scores this low support Listing 12.05C's requirement of a mental impairment imposing an additional and significant work-related limitation of function. Consequently, Downing has succeeded in proving that he meets Listing 12.05C and is disabled under the Act during the period from March 1, 2004 through November 1, 2005.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen, 80 F.3d at 1292. The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear

Page 9 - OPINION AND ORDER

from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

There are no issues to be resolved and thus no reason to remand the case.

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for a finding of disability during the period from March 1, 2004 through November 1, 2005.

IT IS SO ORDERED.

Dated this _____ 26TH _____ day of August, 2008.

_____
Garr M. King
United States District Judge